896 F.2d 1368
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dewayne A. MITCHELL, a/k/a John Mitchell, Defendant-Appellant.
 No. 89-5624.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 7, 1989.
Decided: Feb. 14, 1990.
 
 Larry L. Rowe, for appellant.
 Michael W. Carey, United States Attorney, Hunter P. Smith, Jr., Assistant United States Attorney, for appellee.
 Before K.K. HALL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Dewayne A. Mitchell appeals the ruling of the district court that he was ineligible to be considered for a probationary sentence following his conviction for distribution of cocaine in violation of 21 U.S.C.A. Sec. 841(a)(1) (West 1981). The district court held that Mitchell's offense was a Class B felony--a class for which probation cannot be imposed. See 18 U.S.C.A. Sec. 3561(a) (West Supp.1989). We affirm.
 
 
 2
 On May 6, 1988, Mitchell distributed an ounce of cocaine to a government informant in exchange for $1,850. At the time of the offense Mitchell's crime was classified as a Class B felony. 18 U.S.C.A. Sec. 3559(a) (West 1985). Subsequent to the offense, but prior to his trial, Congress amended 18 U.S.C.A. Sec. 3559(a), effectively classifying crimes identical to the one committed by Mitchell as Class C felonies. Compare 18 U.S.C.A. Sec. 3559(a)(1)(B) (West 1985) with 18 U.S.C.A. Sec. 3559(a)(2) (West Supp.1989). Those convicted of Class C felonies are eligible for probation. See 18 U.S.C.A. Sec. 3561(a). Mitchell argues that the post-offense statutory amendment entitles him to consideration for probation.
 
 
 3
 In United States v. Cook, No. 89-5622 (4th Cir. Nov. 22, 1989), we faced a similar argument. Like Mitchell, Cook contended that the amendment which occurred after her offense but prior to sentencing entitled her to consideration for probation. In Cook we held that probation was a "penalty" within the meaning of 1 U.S.C.A. Sec. 109 (West 1985). Section 109 states that "[t]he repeal of any statute shall not have the effect to release or extinguish any penalty ... incurred under such statute, unless the repealing Act shall so expressly provide...." Thus, under section 109, the amendment to section 3559(a) did not change the penalty incurred under the statute as it existed at the time the offense was committed. Accordingly, we held that Cook was not entitled to consideration for probation. Cook, No. 89-5622, slip op. at 9. Since probation was not a penalty which could have been imposed at the time the offense was committed, the district court correctly refused to consider it as a possible sentence.
 
 
 4
 AFFIRMED.